James L. Buchal, OSB No. 921618
E-mail: jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR 97286
Tel:   503-227-1011
Fax:   503-573-1939
*Attorney for Defendant*
*Joseph Gibson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LUIS MARQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSEPH GIBSON and JOHN DOES 1-25,<br><br>        Defendants. | Case No. 3:19-cv-01130-AR<br><br>**DEFENDANT JOSEPH GIBSON'S MOTION TO COMPEL DISCOVERY**<br><br>(Oral argument requested by telephone conference) |

## Local Rule 7.1 Certification

I certify that pursuant to Local Rule 7.1, the undersigned counsel has conferred with counsel for plaintiff in good faith and has been unable to resolve the issues presented by this motion.

## Motion

Defendant Joseph Gibson, hereby moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rules 26-3 & 37-1 for an order

   (a)   Compelling plaintiff to respond to Interrogatory No. 1;

Page 1    DEFENDANT JOSEPH GIBSON'S MOTION TO COMPEL

(b)     Compelling plaintiff to respond to Request for Production Nos. 1, 3, 4, 5, 12, 15 & 17-19; and

(c)     For his reasonable expenses incurred in making this motion, including reasonable attorney fees.

### Memorandum

Rule 26(b) provides that:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

The discovery sought meets these requirements.

**A.     Interrogatory No. 1**

As set forth in Exhibit 1 to the Declaration of James L. Buchal, filed herewith, plaintiff was the subject of a "fugitive complaint" back in 1996, involving some sort of criminal activity in the State of Washington. Interrogatory No. 1 (Buchal Decl. Ex. 2) asked plaintiff to identify the jurisdiction and other related information, including the nature of the crimes alleged. Defendant Gibson expects that whether or not admissible, records of additional criminal conduct are reasonably likely to lead to the discovery of admissible evidence concerning whether and to what extent plaintiff has suffered reputational injury, and indeed whether the alleged libel—a sexual preference for underaged individuals—is substantially true. *See also* Buchal Decl. ¶ 2 (defendant subject to previous court action for contributing to the delinquency of a minor).

Defendant's objection that evidence of a past criminal act would be barred by Rule 608 is incorrect. That rule addresses only character for truthfulness or untruthfulness. In a case alleging reputational injury, evidence of prior criminal conduct is clearly relevant.

**B.   Documents**

Plaintiff has not produced a single document generated by him, producing only Internet materials accusing him of misconduct which he apparently believes will assist his case. (Buchal Decl. ¶ 4.)

<u>REQUEST NO. 1</u>:  *All examples of "Mr. Marquez's outspoken criticism of right-wing politics" as alleged in paragraph 1 of the Complaint.*

Plaintiff responded that he could produce responsive, non-privileged documents, but produced nothing. (Buchal Decl. Ex. 3, at 3.) He also objected to the time-span of the request (which defendant offered to limit to five years), and that the request was vague. His complaint, however, accuses defendant of targeting him on account of these statements, and defendant is entitled to get some idea of what plaintiff is talking about. From his perspective, he was performing a public service by warning the public about a vicious serial criminal. Defendant believes that the material responsive to this request will merely confirm the blackness of plaintiff's reputation and impossibility of his suffering any further reputational harm.

<u>REQUEST NO. 3</u>:  *All documents which relate to plaintiff's claim that he has "participated in protests against Patriot Prayer since 2016" as alleged in paragraph 5 of the Complaint.*

These documents relate to defendant's Second Affirmative defense of a repellent reputation, Third Affirmative Defense of qualified privilege and Fourth Affirmative Defense of unclean hands. Plaintiff objects to this request on the ground that it would

"interfere with his ability to organize, assemble and participate in free speech activities" (Buchal Decl. Ex. 3, at 4), with no explanation of how or why that could be true. He also objects that the request is vague, overbroad and overly burdensome, but the request is limited to a specific set of protests, specifically targeting defendant, since 2016.

 REQUEST NO. 4:  *All documents which related to plaintiff's claim that defendant has a "strategy [which] relies upon sowing fear of his political enemies, emboldening his followers to commit violent acts against them" as alleged in paragraph 6 of the Complaint.*

 REQUEST NO. 5.  *All documents relating to plaintiff's claim that defendant has 'stoked fear of plaintiff as alleged in paragraph 7 of the Complaint".*

Plaintiff offered no objection to Request No. 4 other than "see response to Request No. 3," and no objection to Request No. 5 other than "see response to Request No. 2." The reference to Request No. 2 seems to indicate that there might be only one video and PLA_001-002, but the reference to Request No. 3 invokes objections that Request No. 5 is vague, overbroad and unduly burdensome, as well as violative of plaintiff's First Amendment rights. Since the Requests are so similar, it may be that the "3" is a typo.

In any event, plaintiff is not permitted to withhold evidence directly relevant to his claims as pleaded, and then surprise defendant with it at trial. If the one video and PLA_001-002 constitute the universe of responsive evidence, that should be stated without leaving open objections.

 REQUEST NO. 12:  *Copies of any documents evidencing the numbers of followers reported in paragraph 10 of the complaint.*

Plaintiff objects to this request on the ground that "Defendant is in a better position to provide responsive documents to this request." (Buchal Decl. Ex. 3, at 5.) That is not a valid objection, and the degree of harm to plaintiff's reputation depends

Page 4 DEFENDANT JOSEPH GIBSON'S MOTION TO COMPEL

upon an audience whose scope is precisely alleged by plaintiff (Cmplt. ¶ 9); if defendant has any documents to back up his allegation, he must produce them.

*REQUEST NO. 14*:  *Any and all documents relating to claims that plaintiff's home was vandalized, or that he suffered "repeated, unwanted contacts and threats of violence" as alleged in paragraph 12 of the Complaint, including but not limited to photographs, police reports, repair bills, or insurance claims.*

Plaintiff objects that he is not the custodian of many documents responsive to the request, implying they exist, and also referred to "PLA_003-014".  Those documents do not identify anything other than Internet postings which plaintiff may construe as "repeated, unwanted contacts," and in particular identify no vandalism or threats of violence.  (Buchal Decl. ¶ 4.)  Rule 26(a)(1)(A)(ii) requires production of all documents within the "*possession*, custody or *control*" of plaintiff.  Defendant is not required to run the hazard that additional damage evidence is produced at trial merely because plaintiff did not exercise his control to recover it, or claimed he was holding it for someone else until the last minute.

*REQUEST NO. 15*:  *All documents relating to plaintiff's claim that he has suffered $161,000 in damages.*

Here plaintiff merely says "see response to Request No. 1 and Plaintiff's Complaint" (Buchal Decl. Ex. 3, at 6.)  Those objections are not cognizable with respect to damage documents, and any objections have in substance been waived.

*REQUEST NO. 17*:  *All social media postings made by plaintiff which relate to defendant, Patriot Prayer, or Antifa, including but not limited to Twitter, Facebook and Instagram postings.*

Here plaintiff objects to the request as vague, overbroad, overly-burdensome to compile, indefinite in time span, and not reasonably calculated to lead to the production of admissible evidence.  Defendant has offered to limit the time span to five years before

the filing of the complaint, which is not acceptable to plaintiff.  (Buchal Decl. ¶ 5.)  The remaining objections are meritless, as these are very specific requests related to the ongoing dispute between the parties.  Plaintiff may well have posted things like, defendant is full of hot air and nothing he says hurts me, or may have made similar accusations against plaintiff, and it defies credulity to suggest that in the context of an ongoing and public conflict between the parties, the posting of plaintiff are not reasonably calculated to lead to the production of admissible evidence.

What is really going on here, as alleged in the Answer, is that plaintiff made a concerted effort to "scrub his entire social media history to conceal his conduct, and in substance perpetrate a fraud upon the court insofar as the statements were deleted with the intent to influence the outcome of this case".  (Answer ¶ 24.)  Only plaintiff can recover these materials, either by requests to the social media providers, or through other electronic communications that have preserved them.

*REQUEST NO. 18*:  *All e-mail communications made by plaintiff which relate to defendant, Patriot Prayer, or Antifa.*

Here plaintiff says "see response to Request No. 17," and there is no cognizable objection (other than duration, which defendant offered to limit).

*REQUEST NO. 19*:  *All documents described in Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.*

This rule requires automatic production of:

> ". . . all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Plaintiff says "see response to Request No. 1".  These documents are categorically non-objectionable, and must be produced.

## Conclusion

For the foregoing reasons, plaintiff should be required to file a supplemental response to Interrogatory No. 1 and produce documents in response to the foregoing Request for Production Nos. 1, 3, 4, 5, 12, 15 & 17-19.

Dated:  May 9, 2022.

                                      Respectfully submitted,

*/s/  James L. Buchal*
MURPHY & BUCHAL LLP
James L. Buchal, OSB No. 921618
P.O. Box 86620
Portland, OR  97286
Tel:    503-227-1011
Fax:    503-573-1939
E-mail:  jbuchal@mbllp.com
*Attorney for Defendant Joseph Gibson*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, I electronically filed the foregoing **DEFENDANT JOSEPH GIBSON'S MOTION TO COMPEL** with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*s/ Carole A. Caldwell*