James L. Buchal, OSB No. 921618
E-mail:  jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR  97286
Tel:    503-227-1011
Fax:    503-573-1939
*Attorney for Defendant*
*Joseph Gibson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LUIS MARQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH GIBSON and JOHN DOES 1-25,<br><br>    Defendants. | Case No. 3:19-cv-01130-AR<br><br>**MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** |

**Local Rule 7.1 Certification**

I certify that in compliance with Local Rule 7.1, the undersigned counsel has conferred with counsel for plaintiff, who has stipulated to the order sought in the motion.

**Motion**

As directed by the Court, the proposed stipulated protective order attached hereto as Exhibit 1 should be filed and entered by the Court.

**Conclusion**

For the foregoing reasons, the proposed Protective Order should be entered.

Dated:  June 24, 2022.

Respectfully submitted,

<u>/s/  James L. Buchal</u>
MURPHY & BUCHAL LLP
James L. Buchal, OSB No. 921618
P.O. Box 86620
Portland, OR  97286
Tel:     503-227-1011
Fax:    503-573-1939
E-mail:  jbuchal@mbllp.com
*Attorney for Defendant Joseph Gibson*

# EXHIBIT 1

# [Proposed] Stipulated Protective Order

James L. Buchal, OSB No. 921618
E-mail:  jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR  97286
Tel:     503-227-1011
Fax:    503-573-1939
*Attorney for Defendant*
*Joseph Gibson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LUIS MARQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSEPH GIBSON and JOHN DOES 1-25,<br><br>        Defendants. | Case No. 3:19-cv-01130-AR<br><br>**STIPULATED PROTECTIVE ORDER** |

Upon the within Stipulation, and Good Cause appearing,

IT IS HEREBY ORDERED that:

This Protective Order shall govern all information produced in this action, including testimony taken at a deposition, hearing or other proceeding, interrogatory answers, documents, and all other discovery materials, whether produced informally or pursuant to the Federal Rules of Civil Procedure.

### Designation of Information

"Confidential" information is any non-public information produced in this litigation, recorded in any form, including any form of evidence or discovery

Page 1    STIPULATED PROTECTIVE ORDER

contemplated under the Federal Rules of Civil Procedure, including but not limited to, trade secrets, confidential know-how, technical information, financial information, customers' identities, or other confidential information of competitive or proprietary importance.  "Any party in this case may designate as confidential any non-public document or testimony that contains trade secrets, confidential or proprietary business or commercial information and/or confidential personnel information and/or medical records."

    1.    A producing party may designate confidential information disclosed in the documents it produces by marking the document as **"CONFIDENTIAL"** upon the face sheet of each document containing the party's confidential information.  If only a portion of a document includes confidential information, the marking **"CONFIDENTIAL"** shall be placed on the first sheet of the document and on each page containing confidential information.

    2.    A producing party may designate confidential information disclosed by oral testimony by designating on the record of the proceeding where such testimony occurred those portions of the testimony that are confidential.  Alternatively, a producing party may notify all parties, in writing, within thirty (30) days of the producing party's receipt of the transcript of the proceeding where such testimony occurred, of those specific pages and lines of the transcript that are designated "confidential."

    3.    "Outside counsel only" information is confidential information which, in the opinion of the producing party, is so sensitive that it is subject to further limitation.  A party may further designate confidential information as "outside counsel only" by affixing the notation of **"OUTSIDE COUNSEL ONLY"** in addition to or in substitution for the notation **"CONFIDENTIAL,"** or stating on the record of a proceeding that information is for outside counsel only.  Information designated as "outside counsel only" shall be understood to also be "confidential" information, regardless of whether it is expressly so designated.

4.      No document or information shall be designated "confidential" or "outside counsel only" if it is disclosed in a printed publication, was known to the receiving party without obligation of confidentiality prior to its disclosure by the producing party, is lawfully provided to a party from a non-party without obligation of confidentiality, or otherwise is or comes to be lawfully known to a party through means not constituting a breach of this Order.

## Disclosure And Use of Designated Information

5.      Counsel for those parties who receive "outside counsel only" information from a producing party shall not disclose, make available, or otherwise communicate such information to any other person except:

a.      Outside counsel of record working on this action on behalf of the parties and counsel's partners, associates, paralegals, and secretarial and clerical employees who are actively assisting in the preparation, trial or appeal of this action, and retained providers of copying or other clerical services for such counsel;

b.      Independent experts and consultants who are directly employed or retained in connection with this lawsuit by the parties to the extent that such disclosure is necessary for the preparation of this case for hearing, trial or appeal;

c.      Clerical and accounting personnel who are directly employed or retained in connection with this lawsuit by the parties to the extent that such disclosure is necessary for the preparation of this case for hearing, trial or appeal;

d.      Court reporters and their staff; and

e.      The Court and any person employed by the Court whose duties require access to such information or material.

6. Counsel for those parties who receive "confidential" information from a producing party shall not disclose, make available, or otherwise communicate such information to any other person except:

    a. Parties to this action bound by this Order;

    b. Those persons authorized to receive "outside counsel only" information under ¶ 6(b)-(e) of this Order; and

    c. In-house counsel for the parties who are actively assisting in the preparation, trial or appeal of this action.

7. **ALL INFORMATION DESIGNATED AS "CONFIDENTIAL" OR "OUTSIDE COUNSEL ONLY" SHALL ONLY BE USED BY ALL PERSONS AND PARTIES FOR THE PURPOSES OF ASSERTING OR DEFENDING AGAINST THE CLAIMS IN THIS LITIGATION, AND SHALL NOT BE UTLIZED IN CONNECTION WITH ANY OTHER LITIGATION.**

8. Notwithstanding any other provision of this Order, nothing herein shall prohibit counsel from disclosing a document designated as "confidential" or "outside counsel only" to any person whom the document identifies as an author, addressee, or carbon copy recipient of such document.

9. Notwithstanding any other provision of this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness, without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement.

## Disclosure Prerequisites

10. Prior to the disclosure of any confidential information to a person covered by ¶¶ 6(b) or 6(c) such person shall execute in writing the confidentiality agreement attached as

Exhibit A to this Order.  Counsel for the disclosing party shall be responsible for obtaining and maintaining an executed copy of a confidentiality agreement for such person, and shall not disclose any confidential information to such person until such a confidentiality agreement is executed in writing and received by counsel.

11. Prior to the disclosure of any confidential information to a person covered by ¶ 6(b), counsel for the disclosing party shall further provide written notice at least ten (10) business days prior to such disclosure.  Such notice shall identify the person to whom confidential information will be disclosed and the curriculum vitae or resume of such person.  The producing party may object to such disclosure in writing to the disclosing party at any time before the disclosure is made, and the parties shall meet and confer within ten (10) business days from such objection.  If the parties are unable to resolve their differences, the producing party may move the Court for an order that disclosure to such person not be permitted within ten (10) business days of the meet-and-confer, and the disclosing party shall not disclose the confidential information to such person until the Court has ruled on the motion.

12. Prior to the disclosure of any confidential information to any person not authorized to have access to such information under this Order, counsel for the disclosing party shall receive written authorization to disclose such information either from the producing party or from this Court.  The disclosing party shall provide written notice notifying the producing party of the request to disclose such information.  Such notice shall identify (i) the information or documents to be disclosed, and (ii) the person to whom information is sought to be disclosed, his or her residential and business address, and his or her present employer and position.  The producing party may object to such disclosure at any time, and the parties shall meet and confer within ten (10) business days from such objection.  If the parties are unable to resolve their differences, the disclosing party may move the Court for an order that disclosure to such person be permitted within ten (10) business days of the meet-and-confer.  The disclosing party shall not

disclose the information to such person until the Court has ruled on the motion. Prior to being provided access to such information, the recipient shall execute the written confidentiality agreement in the form attached as Exhibit A.

### Objections to designations

13. A party may object to the designation of information as "confidential," or "outside counsel only" in writing to the producing party, and the parties shall meet and confer within ten (10) business days from such objection. If the parties are unable to resolve their differences, the objecting party may move the Court to determine whether such information is appropriately designated within ten (10) business days of the meet-and-confer. The objecting party shall bear the burden of establishing the impropriety of any challenged designation. Any information which has been produced and designated "confidential" and/or "outside counsel only" that becomes the subject of such objection and a timely motion shall be treated as designated until the Court has ruled on the motion.

### WAIVER OF Confidentiality

14. A party who produces documents for inspection does not waive the confidentiality of such documents produced, and is not required to designate those portions of such documents that are "confidential" or "outside counsel only" prior to inspection. After inspection and prior to delivery to the inspecting party, the producing party may designate "confidential" and "outside counsel only" information in those inspected documents selected for copying by using the marking "**CONFIDENTIAL**" and/or **"OUTSIDE COUNSEL ONLY."**

15. The production by a producing party of "confidential" or "outside counsel only" documents, regardless of whether the document was so designated at the time of disclosure, or the production of documents subject to the attorney-client privilege, work product privilege or Fifth Amendment privilege, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific document disclosed or as to any other

information relating thereto on the same or related subject matter.  Upon notification by the producing party of the privileged status of produced documents, all copies of such documents shall be immediately returned to the producing party.  The parties have agreed that any party may claim the attorney-client or work product doctrine protects against disclosure of a document that they have already produced, under the terms of this paragraph, in the interests of expediting document production.  Insofar as these doctrines will not operate of their own force to provide protection after disclosure, the parties agree to be bound as a matter of contract not to utilize any documents as to which such a claim is made unless the claim is rejected by the Court, and to refrain from advancing any claim that the privilege has been waived by the disclosure.  The parties agree as a matter of contract that in the event the confidential or privilege status (or lack thereof) of a document is disputed, the Court should, by agreement of the parties, determine the status of the document, and that the status should be determined as if there had been no disclosure.  The parties further agree that in the event of any disputes, the document shall be submitted *in camera* to the Court, and in the event the Court sustains the privilege (as contractually modified hereby), all copies of the document at issue held by any party shall be returned to the producing party.  In the event that a claim of protection is made only after the document has been utilized as an exhibit (whether in deposition or in a court filing), the parties agree to take such actions as may be required to seal the record or disputed portion of transcript pending a ruling from the Court.

### Depositions

16.     Documents or information designated "confidential" or "outside counsel only" may be used in connection with the deposition of any person qualified to receive such information under paragraphs 6 or 7, and in connection with the deposition of any person employed by a party that produced the "confidential" or "outside counsel only" information.

17. During portions of depositions which the parties or their counsel may consider "confidential" or "outside counsel only," the producing party shall have the right to exclude such persons who are not qualified to receive "confidential" or "outside counsel only" information pursuant to the terms of this Order. The failure to so exclude such a person shall not be deemed a waiver of the confidentiality of the information disclosed.

### Non-Parties

18. A copy of this Order may be furnished to each non-party required to produce documents in this litigation. Such non-parties may produce documents designated as "**CONFIDENTIAL — [insert nonparty name]**" or "**OUTSIDE COUNSEL ONLY — [insert nonparty name]**," pursuant to the terms of this Order, and all such information shall be treated in accordance with this Order, including in particular those provisions related to the production of documents, designation of documents, waiver of confidentiality, attorney-client privilege, attorney work-product protection, and Fifth Amendment privilege.

### Preservation of Confidentiality

19. Counsel shall preserve the confidentiality of all information designated as "confidential" and "outside counsel only" pursuant to this Order and agree not to introduce such information into the public record, subject to the following provisions:

   a. To the extent that the transcript of any deposition and the exhibits thereto incorporate any such confidential information, the portion of such transcript and any exhibits thereto incorporating any such confidential information either in *haec verba* or by way of summary, shall be marked with the notice "**CONFIDENTIAL**" or "**OUTSIDE COUNSEL ONLY**."

   b. To the extent that only a portion of a document filed by counsel quotes or summarizes confidential information, that document shall be subject to the terms of this Order.

    c. Information designated "confidential" or "outside counsel only" may be used at any hearing, trial or appeal in this case under such conditions as the Court may impose; provided, however, that the parties agree that all persons not authorized by this Order to receive "confidential" or "outside counsel only" information will leave the courtroom when any such information is being presented.

    d. The Clerk of this Court shall maintain under seal all transcripts, exhibits and other documents which are marked "**CONFIDENTIAL**" or "**OUTSIDE COUNSEL ONLY**," and which shall be subject to the provisions of this Order. To assist the Clerk, any document or object which a party wishes to have placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, and the words "**CONFIDENTIAL UNDER PROTECTIVE ORDER**" or "**OUTSIDE COUNSEL ONLY UNDER PROTECTIVE ORDER**."

20. In the event that any counsel for a party withdraws or is disqualified from representing such party and is no longer counsel of record for such party ("Former Counsel"), such Former Counsel shall immediately transfer all originals and reproductions of any documents and things, or portions thereof, which were designated "confidential" or "outside counsel only" under the terms of this Order, to Former Counsel's substitute counsel; provided, however, that Former Counsel may retain one complete set of correspondence, pleadings and any exhibits thereto, including motions, in the action.

21. Upon the conclusion of this litigation and either (i) the expiration of the time to file a notice of appeal, if no appeal is filed, or (ii) if an appeal was filed, the filing of the mandate or final order from the appellate court if the case is not reopened as a result of the terms of the mandate or order, all "confidential" and "outside counsel only" information filed under seal with

the Court shall be returned to the party that filed it, provided that if the person to whom it is to be returned fails to remove the "confidential" and "outside counsel only" information after notice, it shall be destroyed to the extent allowed under the Rules of this Court.

22. Within sixty (60) days after the conclusion of contested proceedings between any of the parties by mandate following an appeal, judgment if no appeal is taken, or settlement, all originals and reproductions of any documents and things, or portions thereof, produced by a party which were designated "confidential" or "outside counsel only," shall either be returned to the producing party or, if the producing party agrees, destroyed by the receiving party and a certification in writing sent to the producing party stating that such documents have been destroyed; provided, however, that counsel to each party may each retain one complete set of correspondence, pleadings and any exhibits thereto, including motions, in the action.

23. Neither the entry of this Order nor the designation of any information as "confidential" or "outside counsel only" (or the failure to make such designation) shall constitute evidence with respect to any issue in this litigation. Failure to designate any document or thing shall not constitute a waiver of any party's claim outside this litigation that such documents or things do contain trade secrets, proprietary information, or other confidential information. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

## Modification and Duration

24. The parties and all persons subject to the terms of this Order agree that this Court shall retain jurisdiction, after this action has terminated, for the purposes of enforcing this Order.

25. This Order shall continue to be binding after the conclusion of this litigation, except that a party may seek further order of the Court with respect to dissolution or modification of this Order. This Order is made without prejudice to the right of any party to seek modification of this Order from the Court.

SO ORDERED.

Dated:_____, 2022.      _____
                                    Hon. Jeffrey Armistead, Magistrate Judge


Stipulated and Agreed:

*s/James L. Buchal*
James L. Buchal, OSB No. 921618
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR 97286
Tel:  503-227-1011
E-mail:  jbuchal@mbllp.com
*Counsel for Defendant Joseph Gibson*


*/s/ Juan C. Chavez*
Juan C. Chavez
P.O. Box 5248
Portland, OR 97208
Tel:  503-944-2270
E-mail:  jchavez@ojrc.info
*Attorney for Plaintiff Luis Marquez*

## Attachment A

## <u>Confidentiality Agreement</u>

I, _____, state:

I reside at _____

My present employer _____

My present occupation or job description is _____

_____;

I have read the Protective Order and have been engaged as a _____ _____ on behalf of _____ in preparation and conduct of litigation between Luis Marquez and Joseph Gibson.

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any information designated CONFIDENTIAL or OUTSIDE COUNSEL ONLY in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL or OUTSIDE COUNSEL ONLY information are to be returned to counsel who provided me with such material or destroyed.

I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

I state under penalty of perjury under the laws of the Oregon that the foregoing is true and correct.

Executed on _____ , 2022.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, I electronically filed the foregoing **MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

<em>s/ Carole A. Caldwell</em>